———

(19 App. Div. 428.)

GOLDBERG v. JACOCKS et al.

(Supreme Court, Appellate Division, First Department.    July 2, 1897.)

RECEIVER—SALE OF ASSETS.

In an action to set aside a conveyance as fraudulent, an interlocutory judgment was entered, setting aside the conveyance, continuing a temporary receiver, and directing the defendants to deliver the property, or its proceeds, to him.  Subsequently, by consent, a judgment was entered in favor of the receiver, against the defendants, for the agreed amount of the proceeds of the property.  Thereafter the receiver applied to the court for leave to sell this judgment.  *Held,* that no property in the judgment vested in the receiver, except as the officer of the court, to enforce the plaintiff's judgment against the defendants, and nothing, accordingly, which was subject to sale, especially against the protest of the plaintiff, for whose benefit the proceeding was instituted.

Appeal from trial term.

Action by Ellis Goldberg against George M. Jacocks impleaded with others.  From an order directing the receiver to sell a judgment entered in the action, plaintiff appeals.  Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alexander Tyson, for appellant.
Edward H. Wilson, for respondents.

INGRAHAM, J.  The final judgment entered in this action, which the receiver is directed to sell, is quite a novel one, as it is a judgment in favor of one who is not a party to the action, and in whom there was vested, when the action was commenced, no right of action against the defendants.  The action was commenced as a creditors' bill to set aside certain transfers by the defendants Silberstein, against whom plaintiff had a judgment, to the defendants Jacocks, and to apply the value of the assigned property to the payment of the plaintiff's judgments.  In that action a temporary receiver was appointed.  The receiver, however, failed to obtain possession of the property, to reach which the action was brought.  Upon the trial of the action an interlocutory judgment was entered, setting aside the transfers by the judgment debtors to the defendants Jacocks, directing an accounting before a referee, continuing the temporary receiver, and directing the defendants to deliver or assign to the receiver the property fraudulently transferred, or its proceeds or value.  After the entry of the interlocutory judgment, the parties seem to have stipulated that the amount realized from the property transferred was $10,605.83, less the sum of $2,150, leaving a balance of $8,455.83, for which sum, under the judgment, the defendants Jacocks were liable.  Upon that stipulation being filed, on motion of the plaintiff's attorney, final judgment was entered, whereby it was "ordered, adjudged,

and decreed that Thomas D. Rambaut, Esq., the receiver appointed by the interlocutory judgment herein, recover of the defendants George M. Jacocks and George M. Jacocks and Joseph F. Jacocks, composing the firm of Joseph F. Jacocks & Co., the sum of eight thousand four hundred and fifty-five $^{83}/_{100}$ ($8,455.83), with interest"; and that the said receiver have execution against the defendants Jacocks for the collection of that amount. This, in form, was a judgment in favor of the person appointed by the interlocutory judgment to carry it into effect, against some of the defendants in the action, although the receiver was not a party to the action, and his only right was that of an officer of the court to enforce the interlocutory judgment. It is this judgment, thus standing on the record as a judgment in favor of the receiver, which the receiver asks to sell, and which the court has ordered shall be sold. We think that this is not a judgment vesting in the receiver an interest which is subject to sale. The action was brought to enforce a right of the plaintiff to have his debt paid out of the defendants' property. The judgment entered was in favor of the plaintiff to enforce that right. The court might well have directed that the plaintiff have judgment for the amount of his claim against the judgment debtor, without the intervention of the receiver. It, however, adopted the receiver as a convenient method by which the amount due to the plaintiff could be collected, not as vesting in the receiver a right to a judgment, which he could hold or dispose of as against the plaintiff. Whatever form the final judgment took, it was a method adopted to enforce a demand by the plaintiff against the defendants, and no property vested in the receiver, except as the officer appointed to enforce the plaintiff's judgment against the defendants. There does not appear, therefore, to be anything vested in the receiver that is subject to sale. What the receiver was bound to do was to collect this judgment, if possible, and apply the proceeds to the amount due the plaintiff. If he is unable to collect the judgment, or to get anything further out of the judgment debtors, he can present his final report to the court, and be discharged as receiver; in which case the court could either amend the final judgment by making the amount due payable directly to the plaintiff, or could appoint a new receiver in place of the respondent, who would endeavor to enforce the judgment. The receiver in his petition stated to the court below that he had been offered a small sum for the judgment, and he asked for authority to either accept that offer, or sell the judgment. But, under the circumstances, I do not think that the court would have been authorized in directing the receiver to accept such an offer, especially against the protest of the plaintiff, for whose benefit the proceeding was instituted, and who was entitled to have his wishes considered in a question as to the disposition to be made of the claim against these judgment debtors. We think, therefore, that the learned court below misapprehended the effect of this judgment when it made the order appealed from.

The order should be reversed, and the motion denied. As, however, the plaintiff asks to have no costs imposed upon the receiver, and as the receiver simply applied to the court for instructions, such reversal will be without costs. All concur.